

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
FORT WORTH
AUSTIN

*FIRM and AFFILIATE OFFICES*

SARAH FEHM STEWART
PARTNER
DIRECT DIAL: +1 973 424 2061
PERSONAL FAX: +1 973 556 1464
*E-MAIL:* sfstewart@duanemorris.com

www.duanemorris.com

HANOI
HO CHI MINH CITY
SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NORTH JERSEY
LAS VEGAS
SOUTH JERSEY
MYANMAR

ALLIANCES IN MEXICO

January 13, 2025

VIA ECF

Hon. Evelyn Padin, U.S.D.J.
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Courtroom 4C
Newark, NJ 07101

> Re:   **Defendants' Pre-Motion Letter in Anticipation of Motion to Dismiss Sherman Act Claim**

Dear Judge Padin:

This office represents Defendants Bellator Sport Worldwide, LLC ("***Bellator***"), New Bellator, LLC ("***New Bellator***") (a subsidiary of Professional Fighters League ("***PFL***")) (Bellator and PFL are collectively referred to as the "***Promoter Defendants***"), Peter Murray, Donn Davis, Ray Sefo, Mike Kogan, Jim Bramson, and George Pineda (collectively, the "***Individual Defendants***" and, together with the Promoter Defendants, the "***Defendants***"). Defendants respectfully submit this letter in accordance with Section II.E.i of Your Honor's General Pretrial and Trial Procedures and request a pre-motion conference in anticipation of Defendants' motion to dismiss the Fourth Count of Plaintiff Gegard Mousasi's ("***Plaintiff***") Complaint. The Fourth Count of Plaintiff's Complaint, which alleges a federal antitrust claim under Section 2 of the Sherman Act, is deficient on its face and should be dismissed.

This action arises out of Plaintiff's conclusory allegations that Defendants have engaged in an "anti-competitive scheme to maintain and enhance their monopsony power in the market for MMA fighter services in violation of the Sherman Act, 15 U.S.C. § 2." *See* Plaintiff's Complaint ("Compl."), ¶ 2. Plaintiff is a seasoned professional fighter who has fought over sixty bouts for numerous promoters over the past two decades. Promoter Defendants are a mixed martial arts and other sports league, and Individual Defendants each currently or previously worked for the Promoter Defendants as one of the many different promoters of professional bouts.

DUANE MORRIS LLP      *A DELAWARE LIMITED LIABILITY PARTNERSHIP*                              DAVID A. SUSSMAN, RESIDENT PARTNER

200 CAMPUS DRIVE, SUITE 300                                          PHONE: +1 973 424 2000    FAX: +1 973 424 2001
FLORHAM PARK, NJ  07932-1007

DuaneMorris

January 13, 2025
Page 2

  In or about 2017 and again in 2020, Plaintiff entered into a promotional agreement with Bellator. When PFL acquired Bellator's assets in November 2023, Promotor Defendants sought to renegotiate Plaintiff's contract to reflect his actual fighting value in light of Plaintiff's recent injuries, reduced performance, and various losses. Plaintiff refused to do so and filed this baseless action.

  Among the most baseless of Plaintiff's claims is the Fourth Count of his Complaint, which alleges that Defendants have violated Section 2 of the Sherman Act. Section 2 of the Sherman Act makes it unlawful to "monopolize, or attempt to monopolize . . . any part of the trade or commerce among the several States." 15 U.S.C. § 2; *In re Suboxone (Buprenorphine Hydrochlorine & Naloxone) Antitrust Litig.*, 967 F.3d 264, 270 n.7 (3d Cir. 2020). "A 'monopsony' exists when a market is controlled by one buyer." *Cable Line v. Comcast Cable Communs. of Pa.*, 767 F. App'x 348, 351 (3d Cir. 2019).

  Relevant here, to plead a monopsony claim under Section 2 of the Sherman Act, a plaintiff must show (1) the possession of monopsony power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident. *See LePage's, Inc. v. 3M,* 324 F.3d 141, 149 (3d Cir. 2003). Plaintiff's Complaint pleads neither.

  For example, Plaintiff has failed to allege facts plausibly supporting an inference that Promoter Defendants had market power in any relevant market. Instead, the Complaint alleges only that based on "a reasonable and good faith assessment" of the market, another entity, Ultimate Fighting Championship ("**UFC**"), is the largest promoter, the Promoter Defendants are "a relatively close second," and that the remaining market (in the United States and U.K., specifically) is "likely less than 5%." Compl. ¶ 108. These allegations are conclusory and insufficient as a matter of law. Moreover, even if Promoter Defendants' market share was close to or even co-equal with UFC's share, which it is not, that would mean that Promoter Defendants' share is at most 47.5%, well below the market share needed to support an allegation of monopsony. *See, e.g., Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737, 749-50 (3d Cir. 1996) (finding that control of 47% of the New Jersey milk market, "without concrete evidence of anticompetitive behavior," did not show monopoly power); *see also Brunson Commc'ns, Inc. v. Arbitron, Inc.*, 239 F. Supp. 2d 550, 568 (E.D. Pa. 2002) ("Courts are reluctant to find monopoly power where the defendant business controls less than fifty percent of the given market.").

  Plaintiff's allegations are also contradictory and internally inconsistent. While Plaintiff makes the legal conclusion that "barriers to entry are high" and that there are "no effective alternative promoters," Compl. ¶¶ 131, 143, he also clearly pleads the existence of promotional leagues beyond that of UFC and the Promoter Defendants within the relevant market. For example, Plaintiff pleads that in Saudia Arabia, the UAE, and the European Union there are a multitude of promotional leagues, including KSW (Konfrontacja Sztuk Walki), which Plaintiff claims "dominates the Polish and broader Central/Eastern European market." *Id.* ¶¶ 110, 111. Plaintiff also pleads that a new promotional league is emerging in the United States. *Id.* ¶ 108.

January 13, 2025
Page 3

DuaneMorris

Indeed, Plaintiff concedes that he also fought for other MMA promoters, including UFC, before signing with the Promoter Defendants in 2017 and 2020. *Id.* ¶¶ 21-24. He even specifically alleges that he could have rejoined UFC when he signed with the Promoter Defendants. *Id.* ¶¶ 30, 126. Plaintiff's acknowledgement that there are multiple competitors within the market, and that he was free to contract with any of these options prior to contracting with Promoter Defendants belies the sufficiency of his Sherman Act claim. *See Cable Line, Inc.*, 767 F. App'x at 351–52 ("[T]he Complaint does not allege any facts concerning those other companies and how, if at all, Comcast unlawfully excluded them from the market for cable installation.").

      Plaintiff also lacks standing to bring his Sherman Act claim. To survive a Rule 12(b)(6) motion, a plaintiff must allege that he has antitrust standing, which requires that the plaintiff suffer an antitrust injury and be an appropriate plaintiff to bring the antitrust case. *Assoc. Gen. Contractors, Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 540-44 (1983). With respect to antitrust injury, plaintiff must allege more than conclusory statements and must provide specific facts to plausibly suggest injury to competition, not just to a particular competitor. *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977). Plaintiff does not do so here.

      The gravamen of Plaintiff's Complaint centers on his dissatisfaction with the terms of his agreement, including his compensation and his promotion as a fighter within the Promoter Defendants' league. *See* Compl. ¶¶ 19-93. It is well-established, however, that an "[a]n objectionable term in a commercial agreement, without more, is not an antitrust violation." *Host Int'l, Inc. v. MarketPlace, PHL, LLC*, 32 F.4th 242, 250 (3d Cir. 2022). There is simply no antitrust injury and, ironically, given Plaintiff's agreement with Promoter Defendants has since been terminated, Plaintiff may now freely contract with UFC or any other promoter.

      For these reasons, Defendants respectfully request a pre-motion conference to discuss their anticipated motion to dismiss, and request that the Court set a prompt briefing schedule. Defendants' motion will streamline the issues in this action and prevent Plaintiff from improperly elevating an ordinary contract dispute into an alleged "anticompetitive scheme." Thank Your Honor for your time and attention to this matter.

      Sincerely,

      */s/ Sarah Fehm Stewart*

      Sarah Fehm Stewart
      Partner

cc:    All counsel of record.