

# SINGH, SINGH & TRAUBEN, LLP

### ATTORNEYS AT LAW
### BEVERLY HILLS

SIMRAN A. SINGH, ESQ. *
DALJINDER SINGH, ESQ. ^
MICHAEL A. TRAUBEN, ESQ. +
THOMAS K. RICHARDS, ESQ. ~
CHRISTOPHER R. NAVARRO, ESQ.*
MICHAEL JON SAMUELS, ESQ. ~
JUSTIN R. TRAUBEN, ESQ.
JONATHAN E. LARR, ESQ.
NICHOLAS E. HUELSTER, ESQ.
MICHELLE YEGIYANTS, ESQ.

\* Admitted in California and Florida.
^ Admitted in California, Florida, New York and Washington.
+ Admitted in California, Florida and Michigan.
~ Admitted in California and New York.

Thomas K. Richards
Telephone: 310.856.9705
trichards@singhtraubenlaw.com

January 21, 2025

**VIA ECF**

Hon. Evelyn Padin, U.S.D.J.
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Courtroom 4C
Newark, NJ 0701

      **Re:**    **Response to Defendant's Pre-Motion Letter**

            ***Mousasi v. Bellator Sport Worldwide LLC et al.* – Case No. 24-cv-09844**

Dear Judge Padin,

We represent Plaintiff Gegard Mousasi ("**Plaintiff**") in the above-referenced action. We write in response to Defendants' letter requesting a pre-motion conference (the "**Letter Request**"), pursuant to Section II.E.i of Your Honor's General Pretrial and Trial Procedures, seeking leave to file a Motion to Dismiss (the "**Motion**") the Plaintiff's Fourth Cause of Action for Monopsonization Under Section 2 of the Sherman Act (15 U.S.C. § 2) (the "**Monopsony Claim**").

Defendants' putative Motion is without merit. Nonetheless, to expeditiously advance this action, Plaintiff respectfully requests that Defendants be ordered to file their Motion within seven (7) days from today's date. Defendants have had over six (6) months to prepare their responses to Plaintiff's

**SINGH, SINGH & TRAUBEN, LLP**

400 S. BEVERLY DRIVE • SUITE 240 • BEVERLY HILLS, CA 90212 • TEL 310.856.9705 • FAX 888.734.3555
WWW.SINGHTRAUBENLAW.COM

SINGH, SINGH & TRAUBEN, LLP

Letter to Hon. Evelyn Padin
January 21, 2025
Page 2 of 3

claims, including the Monopsony Claim, and will not be prejudiced by filing within that time frame.[1]

Plaintiff sent an eighteen (18) page letter outlining his legal claims on July 31, 2024, which letter included a detailed recitation of the Monopsony Claim. Following several months of communications attempting to resolve this matter, Plaintiff filed this action on October 16, 2024. Defendants executed waivers of service on October 30, 2024, giving them until December 28, 2024, to respond. Instead of responding to Plaintiff's Complaint, Defendants filed an Application for Extension of Time to Answer, Move or Otherwise Reply (Local Civil Rule 6.1(b)), which extended their time to respond to the Complaint to January 13, 2025. Then, although Defendants were of course fully aware of Your Honor's General Pretrial and Trial Procedures, Defendants waited until the last possible day to file the Letter Request.

Accordingly, by the time the Motion is filed, Defendants will have had six (6) months to prepare for the response to the Monopsony Claim, and a full three (3) months since accepting service of the Complaint. It follows that Defendants will not be prejudiced by being ordered to file their Motion on or before January 28, 2025.

Plaintiff requests this schedule because Plaintiff is eager to move forward with this action, particularly as Defendants' arguments, as outlined in their letter, have little to no merit. None of the cases Defendants cite for their various unsupported propositions (including regarding market share, standing, and bringing the Monopsony Claim alongside Plaintiff's contract and breach of good faith claims) even address monopsony.[2] On standing, Plaintiff has alleged both antitrust injury to himself, including suppressed compensation he would have received in a competitive market for his services and his name, image and likeness, and has alleged damage to competition, even supporting those claims with quotes from other fighters under contracts with Defendants regarding their harms. (*See* Complaint §§ 150-171). Further, Plaintiff's complaint alleges damages for harm to his brand, reputation, and for suppressed revenue directly caused by the anti-competitive conduct (*See* Complaint §§ 169-171; 245). Finally, the Monopsony Claim is not simply a rehash of Plaintiff's contract claims.

In sum, although Plaintiff believes the Motion is frivolous, Plaintiff wants to move this action forward as expeditiously as possible. Accordingly, Plaintiff respectfully requests that Defendants be ordered to file their Motion within seven (7) days of today.

---

[1] Plaintiff's counsel would have responded to the Letter Request sooner, however, unfortunately, Plaintiff's counsel's operations were impacted by the Los Angeles fires, thereby causing delays, including many days of power outages.

[2] *Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737, 749-50 (3d Cir. 1996); *Brunson Commc'ns, Inc. v. Arbitron, Inc.*, 239 F. Supp. 2d 550, 568 (E.D. Pa. 2002); *Assoc. Gen. Contractors, Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 540-44 (1983); *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977); *Host Int'l, Inc. v. MarketPlace, PHL, LLC*, 32 F.4th 242, 250 (3d Cir. 2022).

SINGH, SINGH & TRAUBEN, LLP

400 S. BEVERLY DRIVE • SUITE 240 • BEVERLY HILLS, CA 90212 • TEL 310.856.9705 • FAX 888.734.3555
WWW.SINGHTRAUBENLAW.COM



Plaintiff thanks Your Honor for your time and attention to this matter.

Respectfully submitted,

Thomas K. Richards
*Admitted pro hac vice*

Jeffrey I. Wasserman
Wasserman Little LLC

TKR/nh